Judge Cábele.
(After stating the case.) The only question now to be decided is, whether the evidence was properly admitted, under either count in the declaration. The two first counts, being for goods sold and money lent, are so totally variant from the evidence as to be thrown entirely out of view. Nor do I think the evidence admissible under the Sd count. It is true that, with respect to debts for work and labour, or other personal services, the rule is, that, however special the agreement was, yet if it was not under seal, and the terms of it have been performed on the plaintiff’s part, and the remuneration was to be in money, the party may declare either specially on the original executory agreement, or in indebitatus assumpsit, on the express promise to remunerate, (if there was one,) or on the promise which the law implies on the execution of the agreement, But this rule, so lar as relates to the indebitatus assumpsit count, lias never been carried farther than to those cases where the remuneration contemplated by the parties was to be in money. When the remuneration was not to be in money, but was to be in any other kind of personal property, or in personal services, or in the doing any col - lateral act, (as the delivery of a bond or the like,) there, *346 the general indebitatus assumpsit count is not sufficient? but the declaration must be special. This principle applies, I conceive, with full force to the case now before the court, ("where the remuneration was to be in tobacco v ■> and proves the error of the county court.
Every reason for excluding’ the testimony under the third count, is at least equally applicable to the fourth, or quantum meruit count; for it cannot be contended that the latter count admits a greater range of testimony than the former. In fact, they are both emphatically termed money counts, “being founded on express or implied promises to pay money in consideration of a precedent debt.” To extend them farther would be to demolish the distinction, wisely adopted, between general and special counts, and, with it, all those barriers established for the safety of the defendant, by apprizing him of the real nature of the plaintiff’s claim, and by enabling him to plead a former recovery in bar of a subsequent action.
The cases cited by the appellee’s counsel are not at all applicable. In the case of M'Williams v. Willis,(a) the question was whether a written agreement not under seal could be given in evidence, under a declaration which set forth the same agreement truly and substantially, but without stating it to be in writing; and the court very properly decided that it might; because a parol agreement is not changed in its nature by being reduced to writing. It is in fact, and in law, the same agreement. The case of Wroe v. Washington and others(b) was a special action on the case; and the principle in such actions being that the allegata and the probata must correspond, the question was, whether the case made out in evidence corresponded with that specially stated in the declaration. Upon the view of the subject which I have taken, I am clearly of opinion that the judgment of the county court was erroneous; and, therefore, that the judgment of the district court, reversing that of the county court, ought to be affirmed.
*347 Judge Roane was of the same opinion.
Judge Fleming.
The only question in this case is, whether the evidence excepted to by the defendant was properly admitted by the county court to go to the jury, on the trial of the issue ; and it appears to me that it was not.
The use of pleading, as laid down in the hooks, is, on the one hand, to set forth and state, with precision, the fact or facts which in law show the justness of the plaintiff ’s demand; and, on the other hand, the discharge or defence made by the defendant in bar of the plaintiff’s action; and, on the trial, the evidence ought to apply directly to the matter in issue between the parties, to prevent surprise on either side.
The declaration, then, ought to state such a case as, if sxipported by legal evidence, will entitle the plaintiff to recover. It ought, also, to be stated in such a manner as to afford the defendant a fair opportunity of making a full and complete defence ; and, lastly, so that a recovery in the suit may be pleaded in bar to any future action for the same thing.
Let us apply these rules or principles to the case before us. The material count in the declaration stases that “ the defendant was indebted to the plaintiff in the sum of 164/. 14s. for work before that time done and performed, by the plaintiff in the capacity of an overseer, for the defendant, at his request; and the defendant, being so indebted, in consideration thereof, assumed,” &c.
The plea was non assumpsit, and issue thereon. The evidence excepted to was, that the defendant had acknowledged, before a witness, that he had employed the plaintiff as an overseer for three years; and was to pay him 2,000lbs. of tobacco per year. The evidence then proves a special agreement to pay a quantity of tobacco. *348 for certain services, which was allowed to support a general charge of a sura of money, said to be due for services performed as an overseer, which, in my conception, was irrelative to the issue, and tended to take the defendant by surprise. Every plaintiff is presumed to un-. 'demand his own case, and to know what evidence he can bring forward in support of it 5 which ought to apply directly to the charge in the declaration, and not by inference or implication. .
Mr. Taylor, in his argument, cited and relied on two cases, M'Williams v. Willis, 1 Wash. 199. and Story v. Atkins, 2 Stra. 719. but neither of them, in my conception, applies to the case before us. In the first, the declaration charged the defendant on a colloquium, and agreement for 30/. per annum for the term of seven years, for a race field, for the use of the Jockey Club; with a second count, on an indebitatus assumpsit, for the use and occupation of a race field, and an assumpsit of the defendant to pay, &c. and general issue. At the trial, the plaintiff was allowed to give in evidence a written agreement, corresponding with that stated in the declaration, except that the defendant is styled in the agreement given in evidence, treasurer of the Jockey Club, which description is omitted in the declaration. But, had the agreement given in evidence been for a quantity of tobacco, instead of money, to be paid for the use of the race field, it would have been inadmissible, as being inapplicable to the'issue. And, in the case cited from Strange, in an action of assumpsit, for money lent, a promissory note was allowed to be given in evidence to prove the charge laid in the declaration; but, if the note had been for tobacco, or any other kind of merchandise, the evidence could not have been allowed; because the charge being for money due, the evidence of n promise to pay a specific commodity would not have been pertinent to the issue.
*349 In the case before us, the plaintiff, in order to avail 1 himself of the evidence excepted to, should have brought a special action on the case, stating the agreement, his performance of the services, for which the law would have implied an assumpsit, his demand for the tobacco, and the defendant’s refusal to pay: with an averment that the tobacco contracted for was worth so much money, and laid his damages accordingly ; and then the parties would have gone to trial on fair and equal ground; and no surprise on either side. But, as the case appears, the judgment of the county court cannot be sustained; and was properly reversed by the judgment of the district court, which is affirmed by the unanimous opinion of this court.

 1 Wash, 199.

 1 Wash. 357. 363.